UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Tracey A. Murray, and
Mary Kay Murray,

Plaintiffs,

vs. ORDER

Jed Downs, Mark C. Glazier,
and Duluth Clinic,

Defendants. Civ No. 01-1145 (JRT/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of December, 2001.

* * *

On November 29, 2001, the Court heard argument on the Motion of counsel for the Plaintiffs, Charles B. Harris, Esq. ("Harris"), to withdraw from his representation of the Plaintiffs. At the time of the telephonic Hearing, the Plaintiff Tracey A. Murray ("Murray"),[1] appeared personally, Harris appeared on his own behalf, and the Defendants appeared by Charles B. Bateman, Esq. For reasons expressed at the close of the Hearing, and briefly summarized below, we grant the Motion to Withdraw.

---

[1]Local Rule 83.7(c), requires that "[n]otice of the motion" to withdraw from representation without substitution of counsel, "shall be provided to the client." Because we conducted this Hearing telephonically, we permitted Murray to join the conference call so that we might hear his position on the Motion.

(9)

FILED DEC 04 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

For understandable reasons, the Court neither controls, nor desires to control, the access that litigants have to the attorney of their choice. However, once an attorney has noted his or her appearance in this Court on behalf of a litigant, the Court controls whether the litigant should continue to be represented by that attorney. Without such control, the Court's ability to manage its calendar, and to administer justice, would unavoidably suffer. As a consequence, "[w]ithdrawal without substitution [of counsel] may be granted only by a motion made before the Court, for good cause shown." Local Rule 83.7(c).

What constitutes "good cause" for withdraw of counsel, without substitution, cannot readily be defined, or categorized. We have, in the past, expressed the view that good cause exists where counsel cannot adequately represent the client without traversing the Rules of Professional Conduct, or where a degree of fractiousness between the client and counsel has developed which inhibits "the just, speedy, and inexpensive determination of [the] action." Rule 1, Federal Rules of Civil Procedure. On the other hand, we have also found that the mere prospect that an action may not be as financially rewarding as counsel may have earlier anticipated, without more, would not satisfy the good cause showing.

Harris asserts that his withdrawal from the representation of the Plaintiffs is necessitated by the fact that, in order to bring a medical malpractice claim, the plaintiff's attorney must file,

pursuant to Minnesota Statutes Section 146.682, an Affidavit which avers that he or she has reviewed the plaintiff's medical records with a qualified expert, and that the expert is of the opinion that the defendants were negligent in their treatment of the plaintiff, and that such negligence was the cause of the injury being claimed. Harris further advises that Dr. Thomas Litman, an orthopaedic surgeon who reviewed Murray's medical records at Harris' request, has concluded that he is unable to express an opinion that the named Defendants deviated from the applicable standard of care. As related by Harris, when he advised the Plaintiffs of Dr. Litman's opinion, and requested their permission to dismiss the action, the Plaintiffs refused, and urged that he continue with their claim.

Harris represents that the Retainer Agreement between his law firm, and the Plaintiffs, memorializes Harris' practice to have a physician review a claim prior to agreeing to representation, but that, because the applicable statute of limitations on the Plaintiffs' claim was due to expire, Harris would file the claim prior to having an expert review Murray's records, as is allowed by Minnesota law. See, Minnesota Statutes Section 146.682, Subdivision 3(b). Since Harris agreed to file the claim prior to the expert's review, the controlling Retainer Agreement also provided that, should the consulting expert be unable to express the opinion that the Defendants acted negligently so as to cause harm to Murray, the Plaintiffs would consent to Harris' withdrawal from

their representation, and/or would agree to a dismissal of their claim. As the Plaintiffs refused to voluntarily dismiss their claim, Harris requests leave to withdraw from their representation, as continuing to represent the Plaintiffs would obligate him to author, serve, and file, an Affidavit which he is professionally unable to prepare.

An attorney should not be compelled to represent a client when he is without a good faith belief that the case may be professionally maintained. See Rule 3.1 Federal Rules of Professional Conduct ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous."). We note that neither the Plaintiffs, nor the Defendants, object to Harris' withdrawal, and Murray represents to the Court that he is being represented by another attorney, who has not, as yet, made an appearance in this proceeding. Accordingly, finding good cause for Harris's withdrawal from his representation of the Plaintiffs, we grant his Motion, and remind the Plaintiffs that, in representing themselves, they are obligated to familiarize themselves with the Local Rules of this Court, the Federal Rules of Civil Procedure, and the pertinent substantive laws that govern their causes of action.

NOW THEREFORE, It is --

ORDERED:

1. That the Motion of Charles B. Harris, Esq., to withdraw as counsel of Record for the Plaintiffs [Docket No. 5] is GRANTED as supported by good cause.

2. That, until another attorney makes an appearance in this case on behalf of the Plaintiffs, all documents are to be served on the Plaintiffs at 2716 North 23rd Street, in Superior, Wisconsin, 54880.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE